**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cherly K Jones, | No. CV-23-01502-PHX-DJH |
| Plaintiff, | **REPORT AND RECOMMENDATION (Under Seal)[1]** |
| v. | |
| Wells Fargo Bank NA, et al., | |
| Defendants. | |

TO THE HONORABLE DIANE J. HUMETEWA, UNITED STATES DISTRICT JUDGE:

Pending before the Court is a reference for a Report and Recommendation regarding the merits of Defendant Wells Fargo Bank's ("Wells Fargo") Motion to Strike Affidavits of Service (doc. 5), Plaintiff's Motion to Remand to State Court (doc. 10), Defendant First American Title Company's ("First American") Motion to Quash (doc. 11), and non-party Inland Empire Service Corporation's ("Inland Empire") Motion to Quash (doc. 14). (Doc. 21.) This Court recommends that Defendants' motions (doc. 5, 11) and non-party Inland Empire's motion (doc. 14) be granted, and that Plaintiff's motion (doc. 10) be denied.

**I.    Procedural History and Service**

On June 15, 2023, Plaintiff filed a complaint in Maricopa County Superior Court ("Complaint") against "Wells Fargo Bank N.A. et al" and "First American Title

---

[1] This Report and Recommendation will be filed under seal as explained *infra*, page 11.

Ins[urance] Co[mpany] et al." (Doc. 1-3 at 3.) Plaintiff alleged she is the "inherited owner of deceases [*sic*] estate" and that "defendants are pursuing a fraudulent claim as a Deed of Trust to claim a [d]ebt which never occurred by the owners of the real property . . . ." (*Id*. at 4.) Plaintiff described her injuries as the "fraudulent claim foreclosure to take real property without a cause under either Arizona laws as well as the United States Constitution." (*Id*. at 5-6.) She requested a "cease and desist order" and a "temporary restraining order." (*Id*. at 6.) In an Application for Preliminary Injunction accompanying the Complaint, Plaintiff sought relief under several legal theories, including fraud, conspiracy, racketeering, and the violation of her Constitutional rights. (*Id*. at 8-16.)[2] Her attached certificates of service indicated she had mailed copies of the Complaint and Application for Preliminary Injunction to Wells Fargo, First American, and "Inland Empire Services Corporation c/o First American Title Insurance Company." (*Id*. at 7, 17.) The state court record includes the following documents related to service:

- A July 14, 2023, Affidavit of Service by Certified Mail indicating Plaintiff had attempted to mail an Application for Change of Name and Notice of Hearing Regarding Application for Change of Name to Defendant Wells Fargo at an address in Newark, New Jersey. (*Id.* at 65.) The certified mail receipt indicates it was returned undelivered. (*Id.* at 66.)

- A July 14, 2023, Affidavit of Service by Certified Mail attesting that Plaintiff mailed the same documents to Wells Fargo at an address in Eagan, Minnesota. (*Id.* at 68.) No signed return receipt was included. (*Id.* at 69.)

- A July 14, 2023, Affidavit of Service by Certified Mail indicating Plaintiff served the same documents by certified mail to "Inland Empire Services Corp. c/o First American Title Ins[urance] Co[mpany] et al." (*Id*. at 92.) A signed, dated return receipt was attached. (*Id*. at 93.)

---

[2] The presiding judge, Hon. Melissa Julian, denied Plaintiff's Application for Preliminary Injunction in an Order dated June 23, 2023. (*Id*. at 86.) On June 26, 2023, Plaintiff filed another Application for Preliminary Injunction (*id*. at 87), and this was denied by Judge Pro Tempore, Hon. John Doody, in a Minute Entry Order dated June 28, 2023 (*id*. at 90-91).

- A July 14, 2023, Affidavit of Service by Certified Mail to First American for the same documents. (*Id*. at 94.) A signed, dated return receipt was attached. (*Id*. at 95.)

- A July 15, 2023, summons directed to Inland Empire signed and affixed with a seal by the state clerk of court. (*Id*. at 81-82.)

On July 28, 2023, Defendant Wells Fargo filed with this Court a Notice of Removal (doc. 1) and a Motion to Strike Affidavits of Service (doc. 5), among other documents.[3] On July 31, 2023, this Court issued an order stating, in part, Plaintiff's obligation to serve a copy of the summons and complaint upon each Defendant within 90 days of the date of filing and to promptly file proof of service. (Doc. 8 at 1-2.) The Court explained that Plaintiff could file requests for extensions of time to serve these documents prior to the expiration of the 90-day period, but that each request "must set forth the reason why service has not been accomplished and request a specific short period of time in which to accomplish such service." (*Id*. at 2.) The Court ordered Plaintiff to file proof of service of the summons and the complaint, or waiver of service, no later than September 12, 2023, and for the Clerk of Court to terminate any unserved Defendant on September 13, 2023. (*Id.* at 4.)

On August 7, 2023, Plaintiff filed a motion to remand this action to state court. (Doc. 10.) In that motion, apart from objecting to the removal of the case, Plaintiff asserted Wells Fargo had been served once it obtained a copy of the complaint through its subsidiaries. (*Id*. at 3.) On August 21, 2023, Defendant Wells Fargo responded to Plaintiff's motion. (Doc. 18.)

On August 10, 2023, Defendant First American filed a Motion to Quash. (Doc. 11.) On August 14, 2023, non-party Inland Empire also filed a Motion to Quash. (Doc. 14.) On August 15, 2023, Plaintiff responded to First American and Inland Empire's motions. (Doc. 16.) On August 22, 2023, First American and Inland Empire filed Replies

---

[3] Wells Fargo supplemented its Notice of Removal on August 17, 2023, attaching a Motion to Support Civil Complaint Plaintiff had filed in state court on the same afternoon Wells Fargo filed the Notice of Removal. (Doc. 17.)

on their respective motions. (Docs. 19-20.)

On August 30, 2023, Plaintiff filed two notices of unsuccessful service upon Defendants by the Maricopa County Sheriff's Office (doc. 22 at 1-2), and an additional Affidavit of Service by Certified Mail upon Wells Fargo at an address in Fort Mill, South Carolina dated July 14, 2023. (*Id*. at 3-4.) The certified mail receipt is unsigned, but the page upon which it was scanned includes a copied and pasted signature of unknown origin. (*Id*. at 4.) Plaintiff's affidavit states she "received signature confirmation page from post office in person." (*Id*. at 3.) This filing also includes copies of the Affidavits of Service Plaintiff previously filed for First American and Inland Empire. (*Id*. at 5-8, 14.)

On August 30, 2023, the Honorable Diane J. Humetewa referred the pending motions (docs. 5, 10, 11, 14) to this Court for a Report and Recommendation. (Doc. 21.)

## II.   Defendant Wells Fargo's Motion to Strike Affidavits of Service

### a.   The Parties' Arguments

Defendant Wells Fargo argues service was deficient because (1) Plaintiff did not serve Wells Fargo's statutory agent registered with the Arizona Corporation Commission ("ACC") pursuant to Ariz. R. Civ. P. 4.1(i) and A.R.S. § 10-3504; (2) Plaintiff did not have leave of court to serve by certified mail pursuant to Ariz. R. Civ. P. 4.1(k); (3) that even if the Superior Court allowed service by certified mail, "Plaintiff's affidavit [of service] is deficient as it lacks an attached signed return receipt as required by Ariz. R. Civ. P. 4.2(c)(2)(C)[;]" and (4) in any event, Plaintiff never served a summons directed to Wells Fargo as required by Ariz. R. Civ. P. 4.  (Doc. 5 at 2.) Wells Fargo also notes that one of Plaintiff's certified mail receipts clearly states it was returned and not received by Wells Fargo. (Doc. 5 at 1-2.) Plaintiff did not file a separate response to Wells Fargo's Motion to Strike, but in her motion to Remand to State Court, she states, "[I]t is believed that Wells Fargo has been properly served once they have hard copies of the Civil Complaint obtained from their subsidiary or branches or has personal knowledge from their subsidiary they have been served under such laws." (Doc. 10 at 3.)

### b.   Legal Standard

Although the federal rules govern service after removal, "the question whether service of process was sufficient prior to removal is governed by state law." *Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1023 (9th Cir. 2017). Under the Arizona rules, a domestic or foreign corporation "may be served by delivering a copy of the summons and the pleading being served to a partner, an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Ariz. R. Civ. P. 4.1(i). Effective service must include a summons. Ariz. R. Civ. P. 4.1(b), 4.2(c)(1). Service by certified mail is only proper after the serving party moves for alternative service and demonstrates other methods of service are "impracticable[.]" Ariz. R. Civ. P. 4.1(k)(1); *Higgins v. Higgins*, No. CV-22-00283-PHX-JJT, 2023 WL 2371851, at *3 (D. Ariz. Mar. 6, 2023). While a party may serve an out-of-state party by "postage-prepaid mail that requires a signed and returned receipt[,]" the party must attach the signed return receipt to the affidavit of service. Ariz. R. Civ. P. 4.2(c).

### c. Discussion

The Court recommends granting Defendant Wells Fargo's Motion to Strike. (Doc. 5.) The Court agrees with Wells Fargo that Plaintiff's attempts at service are invalid for several reasons: (1) she did not include a summons directed to Defendant Wells Fargo, Ariz. R. Civ. P. 4(a)(3); (2) there is no indication service was directed to the registered agent for service of process for Wells Fargo, Ariz. R. Civ. P. 4.1(i); (3) Plaintiff did not have leave of Court to serve Wells Fargo by certified mail, Ariz. R. Civ. P. 4.1(k); and (4), assuming Wells Fargo could be considered an out-of-state party, Plaintiff's affidavit of service does not include an attached, signed receipt (doc. 22 at 10, 13), Ariz. R. Civ. P. 4.2(c)(2)(C). Plaintiff's August 30, 2023 service filing includes a July 14, 2023 Affidavit of Service by Certified Mail and purports to include a signature from the return receipt, but not the return receipt itself. (Doc. 22 at 4.) Plaintiff's attempted service of process is deficient in several respects, and the Court recommends granting Wells Fargo's Motion

- 5 -

to Strike the Affidavits of Service. (Doc. 5.)

### III.    Defendant First American's Motion to Quash

#### a.    The Parties' Arguments

Defendant First American argues it is a foreign insurer and, under Arizona law, it must be served through the Director of the Arizona Department of Insurance and Financial Institutions. (Doc. 11.) Defendant notes, "Plaintiff purports to have served First American by certified mail at a location in Texas." (Doc. 11 at 3.) Plaintiff's Response mostly expresses her wish that this Court remand her case to the Maricopa County Superior Court, but also asserts Defendants had "first[-h]and knowledge of the Civil Complaint against them and that they did receive said Complaint by signing for it, thus having firsthand knowledge of said case." (Doc. 16 at 3.) First American replies, in part, that knowledge of the lawsuit alone does not cure defective service, and that Plaintiff's failure to respond to First American's substantive claims constitutes waiver. (Doc. 19 at 3-4.)

#### b.    Legal Standard

A "foreign insurer" is one "formed under the laws of another state of the United States." A.R.S. § 20-204. Service of foreign insurers under Arizona law must be made upon the Director of the Arizona Department of Insurance and Financial Institutions. A.R.S. § 20-221(B). This is the exclusive method of service for foreign insurers in the State of Arizona. *Phoenix of Hartford, Inc. v. Harmony Restaurants, Inc.*, 560 P.2d 441, 442 (Ariz. Ct. App. 1977) ("[W]ith respect to foreign insurers, [§ 20-221(B)] provides that service on the director is the only method of service.") "Knowledge by defendant as to pending lawsuit will not operate to cure a defect in service[.]" *Smith v. Smith*, 571 P.2d 1045, 1048 (Ariz. Ct. App. 1977).

#### c.    Discussion

Defendant First American, domiciled in Nebraska (doc. 15 at 8), is a foreign insurer under state law. As such, Plaintiff must serve Defendant First American through the Arizona Department of Insurance and Financial Institutions. *Phoenix of Hartford, Inc*,

560 P.2d at 442. Plaintiff here served the Defendants via certified mail in Texas. (Doc. 15 at 5-6.) Defendant's knowledge of the suit alone does not confer jurisdiction. *Smith*, 571 P.2d at 1048. Thus, Plaintiff's service upon Defendant First American was improper. The Court recommends Defendant First American's Motion to Quash (doc. 11) be granted. *O'Bresley v. Farm Bureau Prop. & Cas. Ins. Co.*, No. CV-18-02553-PHX-DLR, 2018 WL 6061298, at *2 (D. Ariz. Nov. 20, 2018) ("Pursuant to A.R.S. § 20-221(B), Plaintiffs were required to serve Defendant through the [Arizona Department of Insurance].")

## IV. Non-Party Inland Empire's Motion to Quash

### a. The Parties' Arguments

Non-party Inland Empire argues the title of the complaint must name all parties, and that a summons may only be directed to a party. (Doc. 14 at 2.) Inland Empire argues that serving a complaint on a non-party does not convert a non-party into a party. (*Id*.) Plaintiff responds that "Defendants" Inland Empire had "first[-h]and knowledge of the Civil Complaint against them and that they did receive said Complaint by signing for it, thus having firsthand knowledge of said case." (Doc. 16 at 3.) Inland Empire replies, in part, that knowledge of the lawsuit alone does not cure defective service, and that Plaintiff's failure to respond to Inland Empire's substantive claims constitutes waiver. (Doc. 20 at 3-4.)

### b. Legal Standard

The title of a complaint must name all parties to the action, Fed. R. Civ. P. 10(a), Ariz. R. Civ. P. 10(a), as must the summons. Fed. R. Civ. P. 4(a)(1)(A); Ariz. R. Civ. P. 4(b)(1)(A). Parties not included in the complaint caption are subject to dismissal. *Martinez v. Davey*, No. 116CV1658AWIMJSPC, 2018 WL 898153, at *5 (E.D. Cal. Feb. 15, 2018); *see Wilson v. Arizona*, No. CV1801663PHXDJHBSB, 2019 WL 11025881, at *4 (D. Ariz. Jan. 3, 2019) (dismissing claims against "unnamed or fictitiously identified" parties). An attempt to serve a non-party does not change its status as a non-party. *Wasson v. Riverside Cnty.*, 237 F.R.D. 423, 424 n. 2 (C.D. Cal. 2006).

### c. Discussion

Plaintiff does not name Inland Empire as a party to this action in the caption to the Complaint (Doc. 1-3 at 3-4), nor does Plaintiff allege specific facts against Inland Empire as to any count (*id.* at 4, 8). Inland Empire is not a party to this action, and the summons and service directed to Inland Empire should be quashed. This Court recommends Inland Empire's Motion to Quash (doc. 14) be granted.

## V.    Plaintiff's Motion to Remand

### a.  The Parties' Arguments

Plaintiff argues she has not consented to removal of the case from state court, that the Maricopa County Superior Court is the proper court to hear the matter and should retain jurisdiction, and, without further explanation, that removal of the case would violate the 14th Amendment to the U.S. Constitution. (Doc. 10 at 1-2.) Defendant Wells Fargo responds that only opposing parties are obligated to file responses to motions and it is not an opposing party because it has not been served. (Doc. 18.)

### b.  Legal Standard

Except as otherwise provided by statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1446(b)(2), "a named defendant's [30-day] time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). Federal courts have original jurisdiction over claims "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). "[A] corporation's citizenship derives, for diversity jurisdiction purposes, from its State of incorporation and principal place of business." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (citing 28 U.S.C. § 1332(c)(1)).

Further, "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. Under section 1348, "one would sensibly 'locate' a national bank . . . in the State designated in its articles of association as its main office." *Wachovia Bank*, 546 U.S. at 318. In a case with several defendants, diversity requirements must be met for each defendant. *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1005 (9th Cir. 2001) (internal quotations and citations omitted). When the amount in controversy is not evident from the complaint, it is the removing party's burden to prove this requirement by a preponderance of the evidence. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).[4] The Court must "strictly construe[] the removal statute against removal jurisdiction." *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988) (citing *Takeda v. Nw. Nat'l Life Ins Co.*, 765 F.2d 815, 818 (9th Cir.1985)). "[F]ederal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance.'" *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992)).

### c. Discussion

This Court concludes removal is proper. Defendant Wells Fargo removed this action within the timeframe set forth in 28 U.S.C. § 1446(b)(1), as Plaintiff never served a summons. *See Murphy Bros.*, 526 U.S. at 347–48. Diversity of citizenship is complete, as each Defendant is domiciled in a different state than Plaintiff—the Plaintiff in Arizona (doc. 1-3 at 1), Defendant Wells Fargo in South Dakota (doc. 1 at 3), and Defendant First American in Nebraska (Doc. 15 at 8). With respect to the amount in controversy, Plaintiff's demand for relief encompasses a "cease and desist" order and a "temporary restraining order." (Doc. 1-3 at 5.) Defendant argues the Complaint nevertheless "requests a permanent injunction in substance though it is phrased as a cease and desist."

---

[4] *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936) ("The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof.")

(Doc. 1 at 3, ¶ 12.) This Court agrees.

Attached to the Complaint is an "Application for Preliminary Injunction," which seeks, in essence, permanent relief. (Doc. 1-3 at 9 ("Petitioner moves this court to deny and dismiss all said merits as claimed by the respondent be and here afterward [*sic*] forever . . . ."), 10 ("[P]etitioner request [*sic*] that respondents document be denied and dismissed with prejudice thus [*sic*] be barred forevermore."), 15 ("Petitioner believes that the court should immediately issue their injunction to cease and desist and that it be barred and that any such erroneous petition made by respondent should be immediately denied and dismissed forevermore."), 16 ("[P]etitioner is asking this court . . . that respondents be forever barred from raising such erroneous issues being without merits and law.")).[5] While the amount of the underlying loan cannot satisfy the amount-in-controversy requirement when only temporary injunctive relief against foreclosure is sought, the amount of the loan can be used to determine the amount in controversy when the plaintiff seeks to permanently enjoin foreclosure or rescind the underlying loan. *Larkin v. Bank of Am., N.A.*, No. EDCV16852PSGSKX, 2016 WL 4180942, at *2 (C.D. Cal. Aug. 4, 2016) (collecting cases); *see Mendoza v. Ocwen Loan Servicing, LLC*, No. EDCV152281VAPDTBX, 2015 WL 9093559, at *2-3 (C.D. Cal. Dec. 15, 2015) (collecting cases). There is evidence corroborating Defendant's assertion that the principal sum of the loan at issue is $112,000. (Doc. 1-3 at 59.) Further, on August 17, 2023, Defendant Wells Fargo filed a Supplement to its Notice of Removal attaching Plaintiff's Motion to Support Civil Complaint, which was filed the same afternoon, but after Wells Fargo filed its Notice of Removal. (Doc. 17.) In that document, Plaintiff seeks $1,884,423.64 in damages. (Doc. 17-1 at 2.)[6] This Court would find that Defendant has

---

[5] The Superior Court denied this Application on June 15, 2023 (*id.* at 86), but it nevertheless provides insight into the nature of the relief Plaintiff is seeking.

[6] Although one may challenge the plausibility of these damages, the Court cannot say to a legal certainty that Plaintiff is not entitled to them. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996) (quoting *Garza v. Bettcher Indus., Inc.*, 752 F.Supp. 753, 755-56 (E.D.Mich.1990)) ("[W]here the state court complaint itself states damages in an amount sufficient to obtain federal diversity of citizenship jurisdiction, by way of removal, and the defendant does in fact remove the case to federal court, it would make very good sense to require proof to a legal certainty that the plaintiff cannot recover

met the $75,000 amount-in-controversy requirement. As such, this Court has original jurisdiction over the matter and recommends denying Plaintiff's Motion to Remand (doc 10).

## VI.    Conclusion and Recommendation

Accordingly,

**IT IS RECOMMENDED** that Defendant Wells Fargo's Motion to Strike Affidavits of Service (doc. 5) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that Defendant First American's Motion to Quash (doc. 11) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that non-party Inland Empire's Motion to Quash (doc. 14) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Remand to State Court (doc. 10) be **DENIED**.

**This Report and Recommendation is being filed under seal**. The Court's discussion and analysis of the issues required citation and reference to documents currently under seal. If the parties wish to propose redactions to this Report and Recommendation, they have 14 days to submit a Motion with the proposed redactions for a public filing of this Order and must demonstrate compelling reasons for the proposed redactions. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (finding that the presumption is to favor disclosure unless a party provides "sufficiently compelling reasons" that override the public policies favoring disclosure). If the Parties do not submit proposed redactions within 14 days of the date of this Order, the Clerk of the Court must unseal this Order without further notice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and

damages equal to or greater than the jurisdictional amount.").

Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72

Dated this 31st day of October, 2023.

Honorable John Z. Boyle
United States Magistrate Judge

CC:

Plaintiff, Cherly K. Jones

Defense Counsel