# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cherly K Jones, | No. CV-23-01502-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Wells Fargo Bank NA, et al., | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") issued by United States Magistrate John Z. Boyle on November 1, 2023 (Doc. 23). In the R&R, Judge Boyle recommends rulings on four motions filed by Defendant Wells Fargo Bank NA ("Wells Fargo"), Defendant First American Title Company ("First American"), non-party Inland Empire Service Corporation ("Inland Empire"), and Plaintiff Cherly K Jones ("Plaintiff"), respectively.

Judge Boyle recommended the following:

- the Court should grant Wells Fargo's Motion to Strike Affidavits of Service (Doc. 5) because Plaintiff's attempts at service of process were deficient (Doc. 23 at 4–5);

- the Court should grant First American's Motion to Quash (Doc. 11) because First American is a foreign insurer under Arizona State law and Plaintiff failed to serve First American through the Arizona Department of Insurance and Financial Institutions (Doc. 23 at 6–7);

- the Court should grant Inland Empire Service's Motion to Quash (Doc. 14) because Inland Empire is not a party to this action (Doc. 23

at 7–8); and

- the Court should deny Plaintiff's Motion to Remand to State Court (Doc. 10) because the Court has original jurisdiction over the present action (Doc. 23 at 8–10).

Judge Boyle further advised the parties that they had fourteen days to file objections and that the failure to file timely objections "may result in the acceptance of the Report and Recommendation by the District Court without further review." (*Id*. at 12 citing *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)).

Because Plaintiff filed a "Motion to Show Cause" (Doc. 24) twelve days after Judge Boyle issued the R&R, the Court will construe the Motion as an Objection to the R&R. Nonetheless, the Court finds it has no independent obligation to engage in a *de novo* review of the R&R because nothing in Plaintiff's Motion contains an objection to the findings in the R&R. Instead, Plaintiff merely reiterates the arguments she asserted in her Motion to Remand to State Court. (*Compare* Doc. 10 *with* Doc. 24). She does not object to any specific portion of Judge Boyles' analysis or articulate what, if any, findings the Magistrate Judge did make as to her claims. So, the Court lacks any meaningful basis for review.

Plaintiff's failure to identify any flaws in the legal analysis of the R&R has the same effect as a complete failure to object. *See Warling v. Ryan*, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) ("Because *de novo* review of an entire R&R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (quoting *Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Haley v. Stewart*, 2006 WL 1980649, at *2 (D. Ariz. July 6, 2006)). If this Court were to undertake *de novo* review of such generalized objections, it would defeat the "obvious purpose" of the specific objection requirement, which "is judicial economy—to permit magistrate judges to hear and resolve matters not objectionable to the parties." *Warling*, 2013 WL 5276367, at *2 (citing *Thomas v. Arn*, 474 U.S. 140, 149(1985); *United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003)). In light of the foregoing, the Court has no obligation to review Plaintiff general objections to the R&R. *See id*. at *2 (citing

Thomas, 474 U.S. 149).

Regardless of Plaintiff's deficient objection, the Court has reviewed the R&R and agrees with its findings and recommendations. The Court will therefore accept the R&R and adopt Judge Boyle's recommendations in all respects. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed. R. Civ. P. 72(b)(3) (same).

Accordingly,

**IT IS ORDERED** that Magistrate Judge Boyle's November 1, 2023, Report and Recommendation R&R (Doc. 23) is **accepted** and **adopted** as the order of this Court. Plaintiff's "Motion to Show Cause" (Doc. 24) is construed as an Objection to the R&R, and otherwise **overruled and denied**.

**IT IS ORDERED** that Defendant Wells Fargo's Motion to Strike Affidavits of Service (Doc. 5), Defendant First American's Motion to Quash (Doc. 11), and non-party Movant Inland Empire's Motion to Quash (Doc. 14) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand to State Court (Doc. 10) is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff shall **show cause** why this matter should not be dismissed for failing to serve Defendants **no later than December 22, 2023**. Plaintiff may demonstrate how service has been made on named parties in accordance with the Federal Rules of Civil Procedure, or Plaintiff, after showing good cause, may request an extension of the deadline to properly serve Defendants.

Dated this 12th day of December, 2023.

Honorable Diane J. Humetewa
United States District Judge